UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RICHARD YEBOAH, Individually and on
Behalf of All Other Persons Similarly Situated,

Plaintiffs,

**MEMORANDUM & ORDER**

-against-

06 CV 0128 (RJD) (JMA)

CENTRAL PARKING SYSTEMS,

Defendant.
------------------------------------------------------------X
DEARIE, Chief Judge.

Plaintiff Richard Yeboah (now Richard Yeboah Okyere) brings suit against defendant Central Parking System of New York, Inc. ("CPNY")[1] pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law §§ 650 et seq. ("NYLL"). Alleging that CPNY willfully failed to pay him overtime wages in violation of FLSA and the NYLL, and that it violated FLSA's record-keeping requirements, plaintiff seeks back pay, liquidated and punitive damages, interest, costs, and attorneys' fees, as well as declaratory and injunctive relief. Plaintiff proposes to pursue his FLSA claim as an opt-in class action pursuant to 29 U.S.C. § 216 and his state law claim as an opt-out class action pursuant to Fed. R. Civ. P. 23. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). For the reasons explained below, defendant's motion is denied.

---

[1]Although the complaint misstates defendant's company name, the Court assumes plaintiff intended to name his employer.

## BACKGROUND

Plaintiff has been employed by CPNY, an operator of parking garages, since May 20, 1999, serving as a parking attendant and assistant manager. 1st Albizu Aff. ¶ 6. He claims that CPNY wrongfully classified him as "exempt" for FLSA purposes. Pl.'s Mem. Opp'n Mot. Dismiss ("Pl.'s Mem.") 1. On this basis, plaintiff claims, CPNY unlawfully failed to pay him overtime wages, even though he worked more than eight hours per day and/or forty hours per week.[2] Compl. ¶ 25. Plaintiff claims further that CPNY failed to maintain adequate time records or to provide its employees with adequate notice of their rights. Id. ¶ 28.

With both his federal and state law claims, plaintiff proposes to represent classes of similarly situated CPNY employees. He describes the FLSA class, whose membership he estimates at 20,000 persons, as consisting of individuals employed by CPNY since January 11, 2003 who were non-exempt for FLSA purposes but were not paid overtime for working hours in excess of eight per day and/or forty per week. Id. ¶¶ 8-9. He likewise describes the NYLL class, whose membership he estimates at 2000, as consisting of persons employed by CPNY since January 11, 2000 who were non-exempt and wrongfully denied overtime wages. Id. ¶¶ 15-16. Plaintiff has not yet moved for class certification on either claim. One individual, Collins Ofori, has filed a notice of consent to participate in plaintiff's putative FLSA class action. Pl.'s Letter of Aug. 27, 2007.

On February 13, 2007, pursuant to Fed. R. Civ. P. 68, CPNY offered to pay plaintiff

---

[2] Defendant acknowledges that between May 16, 2002 and December 4, 2004, plaintiff was classified as "exempt" for purposes of the FLSA and NYLL and received no overtime pay. 1st Albizu Aff. ¶¶ 7-8. Throughout this period, plaintiff received a weekly salary of approximately $500. Id. ¶ 8. On December 4, 2004, plaintiff was reclassified as non-exempt. Id. ¶ 9. He continues to be employed by CPNY as a non-exempt employee. Id. ¶ 10.

$13,000 in satisfaction of his claims. Rudich Decl. Ex. B. Plaintiff did not accept this offer within ten days, and on February 23, 2007, in accordance with Rule 68, the offer was deemed withdrawn. Ferber Aff. ¶ 4. Defendant now claims that its offer exceeded plaintiff's maximum recovery under FLSA; that because plaintiff rejected this offer, the Court should dismiss plaintiff's federal claim as moot; and that, having dismissed plaintiff's federal claim, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claim.

## DISCUSSION

On a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court must "accept as true all material factual allegations in the complaint," but "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992). In deciding such a motion, the Court is free to consider materials beyond the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Id.

Because Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies, subject matter jurisdiction does not exist where a plaintiff's claims are moot. Fox v. Bd. of Trustees of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994). "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when 'the parties lack a legally cognizable interest in the outcome.'" Id. (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). The required interest has also been described as a "personal stake" in the litigation. Id.

Fed. R. Civ. P. 68, whose purpose is "to encourage settlement and avoid litigation," Marek v. Chesny, 473 U.S. 1, 5 (1985), provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or the property or to the effect specified in the offer, with costs then accrued." Where a defendant offers a plaintiff all he could possibly recover, the plaintiff no longer has a personal stake in the litigation, the case is moot, and subject matter jurisdiction is destroyed, since "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule claims which defendant has . . . satisfied." Abrams v. Interco, Inc., 719 F.2d 23, 32 (2d Cir. 1983).

Plaintiff invokes 29 U.S.C. § 207(a)(1), which requires that all employees covered by FLSA receive overtime pay of at least one and one-half times their regular wages for any hours they work in excess of forty hours per week. The statute empowers employees whose employers wrongfully fail to pay them overtime wages to recover unpaid wages and liquidated damages. 29 U.S.C. § 216(b). FLSA incorporates a collective action mechanism, as well, which permits employees to sue to recover overtime pay on behalf of themselves and other "similarly situated" employees. Id. In order to demonstrate that other employees were "similarly situated," during the preliminary stages of a FLSA litigation, plaintiffs need only "mak[e] a modest showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (authorizing class notice where plaintiffs made the required "modest showing"). See also Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (same); Trinidad v. Breakaway Courier Sys., Inc., No. 05 Civ. 4116, 2007 U.S. Dist. LEXIS 2914, at *6 (S.D.N.Y.

Jan. 12, 2007) (same); Wraga v. Marble Lite, Inc., No. 05-CV-5038, 2006 U.S. Dist. LEXIS 60457, at *3 (E.D.N.Y. Aug. 22, 2006) (same).

The application of Fed. R. Civ. P. 68 in the FLSA context raises pragmatic concerns, including the danger that defendants will "provid[e] an offer of judgment to the initial plaintiff in a FLSA collective action in order to bar the case from proceeding as to all similarly situated plaintiffs," which, as one district court has observed, would "violate[] the very policies behind the FLSA." Reyes v. Carnival Corp., No. 04-21861, 2005 U.S. Dist. LEXIS 11948, at *9-10 (S.D. Fla. May 25, 2005). The Supreme Court has remarked on the importance of guarding against this danger in the related context of Rule 23 class actions: "Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions . . . ." Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339 (1980). See also Weiss v. Regal Collections, 385 F.3d 337, 344 (3d Cir. 2004) ("[A]llowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the [Rule 23] class action procedure, and frustrate the objectives of this procedural mechanism . . . ."); McDowall v. Cogan, 216 F.R.D. 46, 51 (E.D.N.Y. 2003) ("[O]ffers of judgment made to named representatives immediately after putative [Rule 23] class actions are filed often are thinly-veiled efforts to 'pick off' the putative class representative.").

Defendant objects to plaintiff's citation to Roper, Weiss, and other decisions in the Rule 23 context. These cases are inapposite, defendant insists, since permitting a Rule 68 offer to moot a FLSA plaintiff's claim does not risk prejudice to absent class members, as it does in the

Rule 23 context, where any judgment binds all class members save those who have opted out. Def.'s Reply Mem. 6-8. However, even if defendants are correct that permitting defendants to "pick off" individual FLSA plaintiffs presents no danger of prejudicing absent class members, as it would in the Rule 23 context, the Roper Court described at least two other dangers. First, as noted above, the Court declared that permitting such "pick-offs" "obviously would frustrate the objectives of class actions"—that is, enabling plaintiffs to redress wrongs even "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages . . . ." 445 U.S. at 339. Second, the Court observed that permitting pick-offs "would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." Id. Both dangers appear to exist in the FLSA context, as well.

Thus, "where no other similarly situated individuals have opted in and the offer of judgment satisfies all damages of the plaintiff, plus all costs and attorney's fees . . . courts have held that a Rule 68 offer of judgment moots an FLSA class action thereby depriving the court of subject matter jurisdiction." Briggs v. Arthur T. Mott Real Estate LLC, No. 06-0468, 2006 U.S. Dist. LEXIS 82891, at *6-7 (E.D.N.Y. Nov. 14, 2006) (citing, inter alia, Ward v. Bank of New York, 455 F. Supp. 2d 262 (S.D.N.Y. 2006); Vogel v. Am. Kiosk Mgmt., 371 F. Supp. 2d 122 (D. Conn. 2005)). Cf. Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) ("If a named representative's claim becomes moot before [Rule 23] class certification, the entire case is to be dismissed for lack of subject matter jurisdiction."). But where similarly situated individuals have "opted in," courts have refused to permit defendants to moot putative FLSA collective actions via Rule 68. See, e.g., Rubery v. Buth-Na-Bodhaige, Inc., 494 F. Supp. 2d 178, 180 (W.D.N.Y. 2007) ("[D]ismissal on mootness grounds is not appropriate where the offer fails to satisfy all

6

damages for all plaintiffs, such as where the amount owed to the plaintiff is in dispute, or where additional plaintiffs have opted in and not been extended offers of judgment.") (internal quotation marks and citation omitted). Courts have taken this approach even where as few as two opt-in plaintiffs have come forward. See, e.g., Reyes, 2005 U.S. Dist. LEXIS 11948, at *9; Reed v. TJX Cos., Inc., No. 04 C 1247, 2004 U.S. Dist. LEXIS 21605, at *5 (N.D. Ill. Oct. 27, 2004).

Here, defendant argues that its Rule 68 offer of $13,000 equaled or exceeded plaintiff's maximum possible recovery, mooting his FLSA claim. Briefing its motion before the appearance of Mr. Ofori in this litigation, defendant emphasized the absence at that time of any opt-in plaintiffs, and urged the Court to follow Briggs, Ward, Vogel, and other cases in which courts have found that Rule 68 offers of judgment mooted lone plaintiffs' putative FLSA collective actions. Def.'s Mem. Supp. Mot. Dismiss 5-6. Plaintiff responded that even though no other individual had opted in, dismissal would frustrate the purposes of the FLSA. Pl.'s Mem. 6-12.[3]

---

[3]Plaintiff also contended that defendant's offer of judgment was insufficient, since, in calculating plaintiff's maximum recovery, defendant employed the "fluctuating workweek method." Pl.'s Mem. 3-5. Under the fluctuating workweek ("FWW") method, "where employees have hours of work that fluctuate but receive a fixed salary for all straight-time hours worked . . . the regular hourly rate is determined by dividing the fixed weekly salary by the number of hours the employee actually works in a particular week. The employee then receives one-half his or her regular rate of pay for all hours worked over 40 per week." Perez v. Radioshack Corp., No. 02 C 7884, 2005 U.S. Dist. LEXIS 33420, at *5 (N.D. Ill. Dec. 14, 2005) (citing 29 C.F.R. § 778.114). FWW stands in contrast to (and offers a smaller recovery than) the standard method for calculating overtime pay to salaried employees, which plaintiff argues is applicable here: "Where an employee is paid on a salary basis, the regular hourly rate is determined by dividing the salary by the number of hours which the salary is intended to compensate. . . . The employee then receives one and one-half times that regular rate of pay for all hours worked in excess of 40 per week." Id. (citing 29 C.F.R. § 778.113). Although plaintiff acknowledges that his hours fluctuated, he argues that FWW is inapplicable for two reasons: (1)

7

As noted above, the factual background for this motion has now changed, in that one other individual, Collins Ofori, has filed a notice of consent to participate as an opt-in plaintiff. Defendant argues that the appearance of Mr. Ofori in this case should not affect the Court's judgment, since, in its view, Mr. Ofori is not "similarly situated" with respect to plaintiff. Defendant acknowledges that both plaintiff and Mr. Ofori have been employed by CPNY at various Manhattan parking locations, and that both have served as parking attendants and as assistant managers. 1st Albizu Aff. ¶ 6; 2d Albizu Aff. ¶ 6. Defendant points out, however, that "[u]nlike Plaintiff, who was reclassified from an exempt salaried position (FNYSUPER) to an hourly nonexempt position (FSUPV) under [FLSA] . . . effective December 4, 2004 and has been treated as nonexempt ever since that date, Mr. Ofori has been in an exempt salaried position (FNYSUPER) since December 9, 2001." 2d Albizu Aff. ¶ 7.

The Court is not persuaded that Mr. Ofori is not "similarly situated" within the meaning of 29 U.S.C. § 216(b). At this preliminary stage, as noted above, plaintiff need only "mak[e] a modest showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann, 982 F. Supp. at 261. Plaintiff

---

the requisite "clear mutual understanding" did not exist, Pl.'s Mem. 4; and (2) FWW applies only where overtime is paid contemporaneously, id. at 5 (citing Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp. 82, 100 (D.D.C. 1998) ("[C]ontemporaneous payment of overtime compensation is a necessary prerequisite for application of the fluctuating workweek method . . . .")). Defendant disputes both contentions, arguing that plaintiff assented to the terms of his employment, evincing a "clear mutual understanding," when he cashed his paychecks, Def.'s Reply Mem. 3; and that FWW may be applied even where contemporaneous payment was not made, id. at 4-5 & n.17 (citing Tumulty v. Fedex Ground Package Sys., Inc., No. 04 C 1425, 2005 U.S. Dist. 25997, at *16 (W.D. Wash. Aug. 16, 2005) (explicitly rejecting the approach described in Rainey)). Because the Court decides this motion on the basis of Mr. Ofori's appearance, as explained below, it need not determine whether defendant's method of calculation was the correct one.

brings this action on behalf of "persons who are or were formerly employed by Defendant . . . at any time since January 11, 2003 to the entry of judgment in this case . . . who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation." Compl. ¶ 8. As defendant observes, Mr. Ofori appears not to have been classified as non-exempt during the period plaintiff has specified. But the point is not how defendant *classified* Mr. Ofori. Instead, it is whether Mr. Ofori was in *fact* non-exempt, but nevertheless was denied overtime pay. Indeed, plaintiff himself does not claim to have been classified as non-exempt during the entirety of the relevant period; rather, he claims that he was denied overtime pay after being classified—improperly—as exempt. See Pl.'s Mem. 1. Neither Mr. Ofori's classification as exempt during the period at issue, nor the fact that he received a salary, rather than an hourly wage, necessarily precludes plaintiff from showing that he and Mr. Ofori are "victims of a common policy."

This case is analogous, not to the cases relied upon by defendant, in which courts have concluded that lone plaintiffs' putative FLSA collective actions were mooted by offers of judgment, but instead to those cases in which the presence of opt-ins, even in very small numbers, has foreclosed such an outcome. For now, Mr. Ofori's presence requires the conclusion that even if defendant's Rule 68 offer represented or exceeded plaintiff's maximum recovery, it neither mooted plaintiff's FLSA claim nor deprived this Court of subject matter jurisdiction over this matter.

## CONCLUSION

For the reasons explained above, defendant's motion to dismiss the complaint is denied.

SO ORDERED.

Dated: Brooklyn, New York
       October 3/, 2007

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge