UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
RICHARD YEBOAH, Individually and on
Behalf of All Other Persons Similarly
Situated,

                                        **MEMORANDUM & ORDER**
            Plaintiffs,          06-CV-0128 (KAM)

    v.

CENTRAL PARKING SYSTEMS,

           Defendant.

------------------------------------X

**MATSUMOTO**, United States District Judge:

        This action arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and New York Labor Law ("NYLL") §§ 650, *et seq.* Plaintiff Richard Yeboah ("Yeboah")[1] brings this lawsuit on behalf of himself and other similarly situated current and former employees of defendant Central Parking New York ("CPNY")[2] alleging that CPNY

---

1 According to plaintiffs' motion papers, Richard Yeboah legally changed his name to Richard Yeboah Okyere after the commencement of this lawsuit. Plaintiff's Brief in Support of Motion for Conditional Certification ("Pl. Mem.") at 1, fn. 2. However, he is referred to here by the name "Yeboah" as is reflected in the caption to this action. As set forth herein, the amended complaint under review by the parties shall correct Mr. Yeboah's name.

2 Defendant, which bears the legal name "Central Parking System New York," states that the entity named as defendant in the Complaint, "Central Parking Systems," is nonexistent. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Conditional Certification ("Def. Mem.") at fn. 1. However, Defendant answered the Complaint and the court proceeds with determination of this motion on the assumption that plaintiff intended to sue his employer. Similarly, the parties shall correct the name of the defendant in the soon-to-be-amended pleadings.

willfully failed to pay plaintiff and other assistant garage managers for overtime hours worked in excess of forty hours per week at the required rate of one and one half times their regular rate of pay, in violation of the FLSA and NYLL. Pending is opt-in plaintiff Collins Ofori's ("Ofori") motion for (i) conditional certification of a collective action, (ii) court authorized-notice to similarly situated individuals under Section 216(b) of the FLSA, and, (iii) to facilitate notice, an order directing CPNY to produce a list of the names and last known addresses of defendant's former and current assistant garage managers.

Having considered the submissions of the parties as well as their oral arguments before the court on October 26, 2009, the court (i) orders the parties to submit a stipulated amended complaint; (ii) grants plaintiffs' motion to conditionally certify a collective action; (iii) authorizes notice to a class of similarly situated individuals as described below; and (iv) orders the parties to agree on the scope of employee information defendant shall provide to plaintiffs in order to facilitate notice. Accordingly, by November 9, 2009, the parties shall submit via ECF a stipulated amended complaint, a joint proposed notice, and a proposed order relating to

defendant's production of employee information to plaintiffs in order to facilitate notice.

**1. Amendments to the Pleadings:**

Given the fact that the FLSA's maximum three-year statute of limitations for private rights of action bars[3] claims by potential opt-in plaintiffs who, like Yeboah, were reclassified by CPNY as "non-exempt" in November 2004,[4] the parties agreed to file a stipulated amended complaint to amend, *inter alia*, the named plaintiffs and the scope of the proposed class. Accordingly, the parties shall file a stipulated amended complaint via ECF by November 9, 2009, which:

- adds Ofori as a named plaintiff;
- restricts the proposed FLSA collective action class so that it covers only those potential opt-in plaintiffs whose claims are not already time-barred, namely, those New York area assistant garage managers who have worked for CPNY within a period agreed upon by the parties ("agreed upon period"), who have been classified as "exempt"

---

3   To effect an affirmative opt-in and stop the statute of limitations period on any individual employee claim, each individual employee must file a written individual Consent Form with the court. See Lynch v. United Servs. Auto. Assoc., 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007).

4   Because plaintiffs contend that in November 2004 CPNY reclassified a number of assistant general managers (including Yeboah) as non-exempt under the FLSA and began to pay them overtime ("reclassified employees"), the causes of action for those reclassified employees accrued in November 2007 at the latest and are now time-barred. Pls. Mem. at fn. 3.

3

under the FLSA, and denied overtime pay during that time;

- strikes the Fed. R. Civ. Pr. ("Rule") 23 class action allegations;[5] and

- corrects and amends any other allegations in the complaint as necessary in light of this order.

**2. Conditional Certification of a Collective Action:**

In light of the broad remedial purposes of the FLSA, the court found that the lenient, notice stage standard was the appropriate standard for assessing the instant motion for conditional certification of a collective action. See, e.g. Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978), cert. denied, 441 U.S. 944, 99 S. Ct. 2162 (1979); see also Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780, *8-9 (E.D.N.Y. Feb. 3, 2009). The burden on plaintiffs at this preliminary stage is "not a stringent one," and plaintiffs can meet this burden through "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

---

5   The complaint contains claims under both the FLSA and the NYLL. However, at the hearing plaintiffs conceded that they have decided not to pursue their NYLL allegations through a Rule 23 class action. Rather, plaintiffs intend to preserve only the individual state law claims of Yeboah and Ofori (once Ofori is a named plaintiff).

4

Plaintiffs have met this low burden. Specifically, plaintiffs have sufficiently alleged that the group of CPNY assistant garage managers classified as "exempt" under the FLSA are similarly situated in that they allege that they are victims of a common scheme to misclassify and deny overtime pay to certain assistant garage managers. See Pl. Mem. at 9; see also Cano, 2009 U.S. Dist. LEXIS at *20 ("As long as [the members of the proposed collective action] were all similarly situated with *respect to being subject to the same policy* of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate.") (emphasis in original).

### 3. Court-Authorized Notice:

Having found conditional certification appropriate, the court authorizes notice to current and former CPNY employees at defendant's New York area garages who, during the agreed upon period, worked as assistant garage managers, were classified as exempt for purposes of the FLSA, and denied overtime pay. The parties shall meet and confer to resolve their differences with respect to the proposed class notice and submit a joint proposed notice to the court via ECF by November 9, 2009.

**4. Contact Information for Potential Opt-in Plaintiffs:**

The parties are further ordered to meet and confer to resolve their differences with respect to the scope of information regarding current and former employees which CPNY shall provide to plaintiffs in order to facilitate notice. The parties shall file a proposed order via ECF reflecting their common understanding with respect to the scope of this information by November 9, 2009.

**SO ORDERED.**

Dated:   October 26, 2009
         Brooklyn, New York

                                        /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge

6