UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COLLINS OFORI, Individually and on
Behalf of All Other Persons Similarly      NOT FOR PUBLICATION
Situated, and RICHARD YEBOAH,
Individually,                              **MEMORANDUM AND ORDER**
                                           06-CV-0128 (KAM)
                Plaintiffs,

        v.

CENTRAL PARKING SYSTEM OF
NEW YORK, INC.,

                Defendant.

----------------------------------X

**MATSUMOTO**, United States District Judge:

Plaintiff Collins Ofori, individually and on behalf of himself and others similarly situated, brings this action alleging that Defendant, Central Parking System of New York, Inc. ("CPNY"), violated the FLSA by willfully failing to pay overtime compensation for hours worked in excess of forty hours per week to Ofori and other Assistant Garage Managers who CPNY misclassified as exempt under the FLSA. (See Doc. No. 67, Amended Complaint ("Compl.")).[1] Following this court's October 26, 2009 order (Doc. No. 59, "10/26/09 Order") conditionally certifying a collective action under Rule 216(b) of the Fair Labor Standards Act ("FLSA"), CPNY moves for reconsideration

---

1 Pursuant to this court's October 26, 2009 order, plaintiff filed an Amended Complaint on November 16, 2009 which amended, *inter alia*, the named parties and the scope of the proposed class. Under this amended complaint, which the court considers here, Plaintiff Richard Yeboah now pursues his claims only on behalf of himself individually.

under Federal Rule of Civil Procedure 60(b), or in the alternative, for a stay and certification of interlocutory appeal under 28 U.S.C. § 1292(b).  (See Doc. No. 62, Letter Motion for Reconsideration dated 11/9/09; see also Doc. No. 63, Notice of Motion and accompanying attachments; Doc. No. 63-1, Memorandum in Support ("Def. Mem."); and Doc. No. 73, Letter Response to Plaintiff's Supplemental Authority dated 1/7/10.)  Ofori opposes the motions in their entirety.  (See Doc. No. 68, Plaintiff's Memorandum in Opposition; see also Doc. No. 71, Letter re New Authority in Support of Opposition dated 12/10/09; Doc. No. 74, Letter in Response to Def. Letter.)  For the reasons set forth below, both motions are denied.

**Reconsideration**

"A motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Indeed, "[t]he standard for granting a [motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

CPNY fails to meet this strict standard. In support of its motion for reconsideration, CPNY essentially regurgitates the same arguments it previously made – and the court previously considered and rejected – both in its opposition to the motion for conditional certification and in oral argument before the court.[2] Thus, CPNY fails to identify any controlling case law that the court overlooked and instead cites to the same, non-binding cases from other jurisdictions which the court previously considered and found unpersuasive.[3]

---

[2] CPNY's submissions reveal on their face that the motion for reconsideration merely recycles the same arguments previously submitted to the court. Indeed, CPNY appears to have virtually cut and pasted passages from its original briefing opposing conditional certification to its new papers requesting the court's reconsideration. (Compare, e.g., Doc. No. 55, Defendant's Memorandum in Opposition to Plaintiff's Motion for Conditional Certification ("Def. Certif. Mem.") at 16-17 with Def. Mem. at 4-5.)

[3] In addition to restating the same arguments it previously advanced unsuccessfully, CPNY makes much of the fact that the court noted in its 10/26/09 Order that Ofori had sufficiently demonstrated for purposes of the notice stage that he was similarly situated to "certain" other Assistant Garage Managers. (See Def. Mem. at 1, 6.) The court finds unavailing CPNY's attempts to construe the court's use of the word "certain" as tantamount to the court's implicit recognition that no common uniform policy exists with respect to Assistant Garage Managers. To the contrary, the fact that some employees with the same job title may have been differently classified as non-exempt and received overtime is irrelevant to the question of whether a group of employees who also possess the Assistant Garage Manager job title but were denied overtime are "similarly situated" in that they are "*subject to the same policy* of being denied overtime compensation." See Cano v. Four M Food Corp., No. 08-cv-3005, 2009 U.S. Dist. LEXIS 7780, at *20 (E.D.N.Y. Feb. 3, 2009) (emphasis in original); see also Toure v. Central Parking Sys. of N.Y., No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) (granting conditional certification for a subset of parking attendants working only the night shift at one of the defendant's garages). Indeed, by classifying one subset of Assistant Garage Managers as exempt for purposes of the FLSA, CPNY itself effectively determined that that group was in some sense similarly situated. (See Def. Certif. Mem. at 8-10 (identifying "[t]hose [Assistant Garage Managers] whose position remained designated as exempt").) Despite CPNY's emphasis on its purported use of an individualized review process (an issue more properly considered at the second, more stringent, decertification stage), to meet the modest burden required at the

Mindful of the broad, remedial purposes of the FLSA, this court, like other federal district courts in this Circuit, applied the lenient "notice" stage standard of review for conditional certification here. See, e.g., Lynch, 491 F. Supp. 2d at 367. Following discovery, CPNY may move for decertification, at which time the court will "undertake[] a more stringent factual determination" utilizing the factual information gained from discovery to determine "whether members of the class are, in fact, similarly situated." Id. at 368. At this stage, however, the court properly applied the notice stage standard to conditionally certify the collective action because plaintiff has met the lenient burden of demonstrating that he is "similarly situated" to other Assistant Garage Managers who were allegedly wrongly classified as exempt pursuant to a common policy or plan in violation of the FLSA. See, e.g., Cano, 2009 U.S. Dist. LEXIS at *8-9; see also Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978), cert. denied, 441 U.S. 944, 99 S. Ct. 2162 (1979).

Because CPNY fails to identify any new or controlling precedent or factual matter previously overlooked by this court,

---

notice stage of conditional certification plaintiff need do no more than demonstrate that he is similarly situated to other Assistant Garage Managers subject to the same policy of being denied overtime compensation for hours worked in excess of forty per week. See, e.g., Lynch v. United Services Automobile Assoc., 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007).

4

there is no basis to alter the conclusions previously reached by the court and the motion for reconsideration is denied.

**Interlocutory Appeal**

In the alternative, CPNY urges the court to stay this case and allow an immediate interlocutory appeal. (Def. Mem. at 10-17.) There are three conditions for certification of interlocutory appeal: (i) the order appealed from must present a "controlling question of law" (ii) as to which there is "substantial ground for difference of opinion" and (iii) "an immediate appeal from the order [must likely] materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). The decision whether to grant an application for interlocutory appeal rests within the sound discretion of the trial court. See 28 U.S.C. § 1292(b); see also Santiago v. Pinello, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (noting that "[t]he Second Circuit has urge[d] the district courts to exercise great care in making a § 1292(b) certification because § 1292(b) is a 'rare exception to the final judgment rule that generally prohibits piecemeal appeals'") (internal citations omitted).

Here, not one of the conditions for certifying an interlocutory appeal has been satisfied. First, the question presented on appeal would not be a "pure question of law" which

5

the appellate court "could decide quickly and cleanly without having to study the record."  See, e.g., Pinello, 647 F. Supp. 2d at 243 (internal citations omitted).  Second, the court's application of a clear and lenient standard in granting the motion for conditional certification does not give rise to any "genuine doubt" as to whether this court has applied the correct legal standard.  See id. at 243-44.  Finally, immediate appeal would not materially advance the litigation.  See 28 U.S.C. § 1292(b).  It would be inappropriate to extend a "rare exception" to the final judgment rule under these circumstances, and the court declines to exercise its discretion to do so.  See, e.g., Pinello, 647 F. Supp. 2d at 243.

In light of the foregoing, CPNY's motions for reconsideration or, in the alternative, for a stay and certification of interlocutory appeal are denied.

**SO ORDERED.**

Dated:    January 22, 2010
          Brooklyn, New York

                _____/s/_____
                KIYO A. MATSUMOTO
                United States District Judge